DECISION
Plaintiffs appeal concerning the calculation of the maximum assessed value (MAV) of residential property identified as Account 7085 for the 2006-07 tax year. The case was submitted to the court on cross-motions for summary judgment. Kenneth P. Maddox represented Plaintiffs. Darren Weirnick, Assistant Attorney General, submitted the written arguments for Defendants.
 I. STATEMENT OF FACTS
There is no dispute as to the material facts. The subject residence was specially assessed as historic property for 15 consecutive tax years, beginning on July 1, 1991 through June 30, 2006. ORS 358.475 through358.545.[1] The special assessment ended when the 15 year period expired and not due to any program violation. *Page 2 
The real market value (RMV) of the property as of January 1, 2006 was determined by the Assessor to be $465,843. The changed property ratio (CPR) was 0.5460. The 2006-07 MAV was calculated by the Assessor to be $254,349 or the RMV, $465,843, times the CPR. 0.5460. (Aff of Brian Beebe at 2-3.) Plaintiffs request a MAV of $191,647, computed as if the property had never qualified for historic special assessment. (Ptf s Compl at 8.)
 II. ANALYSIS
Plaintiffs' chief arguments have clearly been rejected by the Regular Division of this court. In Haynie v. Dept of Rev. Hood River CountyAssessor, 19 OTR 488, 501 (2008), it was held that:
 "When property has reached the end of its special assessment period after having been qualified and subject to special assessment pursuant to ORS 358.475
to 358.545, it is `disqualified' for purposes of Measure 50 and ORS 308.156(4)(a). Accordingly, the county properly set the MAV and AV * * * under Measure 50."
Here, the same calculation process was used by the same Defendant for this property owner.
Plaintiffs' other arguments also fail. The three-percent cap of Measure 50 does not apply here, since the property was disqualified. The Assessor's actions were mandatory and not discretionary. There is no error or omission shown by Defendants for this tax year.
 III. CONCLUSION
The MAV is not in error for the 2006-07 tax year.
Now, therefore, IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is denied: and *Page 3 
IT IS FURTHER DECIDED that Defendant's Cross-Motion for Summary Judgment is granted.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This Decision was signed by Magistrate Jeffrey S. Mattson on March 10,2010.
 The court filed and entered this Decision on March 10, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1